UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELANIE E. DAMIAN,<br><br>    Plaintiff,<br><br>v.<br><br>YAHIA MEFTAH, et al.,<br><br>    Defendants. | Case No. 22-cv-02573-JCS<br><br>**ORDER GRANTING SUMMARY JUDGMENT AS TO YAHIA MEFTAH**<br><br>Re: Dkt. Nos. 118, 130 |

The Court previously issued an order to show cause (dkt. 130)[1] why Defendants' motion to dismiss (dkt. 118) should not be converted to summary judgment under Rule 12(d) of the Federal Rules of Civil Procedure, and why summary judgment should not be granted in Defendants' favor under that rule and Rule 56(f). The Court has reviewed Plaintiff Melanie Damian's response (dkt. 131) to the order to show cause,[2] and remains satisfied that for the purpose of Florida Statutes section 726.110(1), Damian "could reasonably have . . . discovered" the contents of documents at issue no later than the date those documents were delivered to Damian or her agents. Conditioning the limitations period on an expected rate of review, presumptions of which documents would be reviewed first, and other such considerations of how a claimant might approach information that is in the claimant's possession would render the standard of reasonable discovery overly subjective and unworkable. While exceptions to that principle might be appropriate if, for example, documents are concealed, encrypted, or otherwise inaccessible, no such circumstances are present here, and the mere volume of documents produced to Damian does to change the fact that she *could* have discovered the transactions at issue once the document were

---

[1] *Damian v. Meftah*, No. 22-cv-02573-JCS, 2022 WL 17835612 (N.D. Cal. Dec. 21, 2022).
[2] Defendants did not file an optional response within the time allowed to do so. Briefing on the order to show cause has therefore concluded.

delivered simply by reading one of those documents. As noted in the order to show cause, this conclusion does not impose an unjust burden on claimants who receive voluminous document productions, because even if a claimant does not actually discover potentially fraudulent transactions reflected therein until some period of days or weeks after receiving the documents, the claimant has a full year from receipt to discover the transactions and bring a claim.

    Damian does not dispute that the CFTC presented her or her agents with documents disclosing the transfers of funds to Defendant Yahia Meftah (or his alter ego, Yahia Meftah Sole Proprietorship) more than one year before she entered a tolling agreement to preserve any remaining claims. The claims at issue against Yahia were therefore time-barred at the time Damian entered the tolling agreement, were not preserved by that agreement, and remained barred when Damian later filed this action. Accordingly, for the reasons stated in this order and the previous order to show cause, summary judgment is GRANTED in favor of Yahia.

    As for Defendant Zak Meftah, however, Damian now argues that her claims are not barred because she still does not know the details of subsequent transfers from Yahia to Zak. Pl.'s Response (dkt. 131) at 12. It is not clear why Damian did not raise this argument in her original opposition brief, where she argued only that her claim against Zak related back to her original complaint, which she contended was timely based solely on her delayed actual discovery of the transfers to Yahia. That said, she has raised the argument now, and despite having an opportunity to respond, Defendants have not done so.

    In the context of relation back, Defendants argued that Damian's original complaint demonstrates that she was aware of the same facts regarding Zak's role when she commenced this action, even though she did not name Zak as a party at that time. Mot. (dkt. 118) at 11–12 & n.4; Reply (dkt. 122) at 5. If true, that would indicate that Damian actually discovered the transfer to Zak more than one year before bringing a claim against him,[3] thus undermining her new argument that her claim is timely in relation to discovery of the subsequent transfer to Zak. Contrary to Defendants' argument, though, the original complaint did not include the same allegations with

---

[3] Damian filed her original complaint on December 23, 2019, more than one year before she added Zak as a defendant in her second amended complaint on March 1, 2021.

respect to Zak.  Instead, Damian originally alleged that Zak directed AIP to pay his share of the proceeds of the illegal trading scheme to Yahia, and that Yahia received those payments "on behalf of" Zak.  Compl. (dkt. 1 ) ¶ 10(B).  Those allegations do not necessarily indicate that Yahia ever transferred the funds he received from AIP to Zak, as Damian has now alleged in her operative second amended complaint.  The Court declines to infer from Damian's original allegations that at the time she commenced this action, she knew about the subsequent transfer to Zak that she now alleges.

Even so, it is not entirely clear whether the timing of Damian's discovery of the later transfer to Zak is relevant to the limitations period for her claim.  The Court is aware of only one case considering how a similar statute of limitations applied to a defendant who received funds in a second transaction subsequent to the original purportedly fraudulent transfer.  Interpreting California's version of the UFTA, a district court held that "[t]he relevant fraudulent transfer for statute of limitations purposes is the initial fraudulent transfer, not any subsequent transfer." *So v. Land Base, LLC*, No. CV 08-03336 DDP (AGRx), 2010 WL 3894797, at *1 (C.D. Cal. Oct. 1, 2010).  But the *So* court provided no analysis to support that conclusion, and the parties here have not addressed the issue beyond Damian's similarly bare assertion that the statute of limitations for her claim against Zak should run from when she reasonably could have discovered the subsequent transfer from Yahia to Zak.

In the absence of reasoned caselaw or arguments on this issue, the Court declines to grants summary judgment sua sponte as to Damian's claim against Zak.  The parties should be prepared to address at the February 10, 2023 case management conference how they wish to proceed on that claim.[4]

**IT IS SO ORDERED.**

Dated: February 6, 2023

JOSEPH C. SPERO
Chief Magistrate Judge

---

[4] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).